## MANLEY v. RAZIEN.

### No. 5554.

Court of Civil Appeals of Texas. Amarillo.
June 14, 1943.

Ennis Favors, of Pampa, for appellant.
Walter Rogers, of Pampa, for appellee.

PITTS, Chief Justice.

This suit was filed by the appellant, T. K. Manley, against John Razien, Carl Critz, Earl Hessman and Don Blake for injunction and damages in connection with the sale by Manley to Razien of certain scrap iron and other metals situated in appellant's junk yards in Gray County.

The same case was before this court previously when the appeal was dismissed, as reported in 160 S.W.2d 995, because the judgment of the trial court on that appeal was not final but only interlocutory and for a full statement of the original case, we refer to the statement made on that appeal.

It appears from the record before us now that following the dismissal of the former appeal on March 30, 1942, the clerk of this court issued a mandate on September 21, 1942, to the clerk of the District Court of Gray County in said cause and that on October 15, 1942, at the next succeeding term of district court appellee, John Razien, filed with the clerk of said court his motion praying for final judgment disposing of all parties and the subject matter in keeping with the findings of the trial court as reflected by the interlocutory judgment previously entered by the trial court and attached a copy of said interlocutory judgment to his said motion and made it a part of the motion. In his said motion appellee set out the proceedings had in the original case, including the trial, the findings of the trial court that appellant was indebted to appellee in the sum of $2,000 and appellee was indebted to appellant in the sum of $1,000, for which he rendered judgment accordingly without a proper offset being made, the prosecution of the appeal by all parties and the result of the appeal, after which he prayed for final judgment as stated above.

On October 24, 1942, appellant filed an answer to appellee's motion alleging that the original judgment entered by the trial

court was not a final judgment as such was so determined by this court and that the trial court had made a judicial error and was powerless to correct, reform or amend it at a subsequent term of said court; appellant further alleged that M. C. Overton, Jr., was a cross-defendant and that he was in the United States Navy actively engaged and his whereabouts were unknown and that, in any event, any action by the court should be abated as to him in accordance with the provisions of the Soldiers' & Sailors' Civil Relief Act, 50 U.S.C.A.Appendix § 501 et seq.

The record discloses that a hearing was had before the trial court on October 24, 1942, on said motion and answer with appellee appearing by his attorney and appellant appearing in person together with his attorney at which hearing the trial court rendered and entered a final judgment in keeping with his findings set out in the interlocutory judgment previously rendered dissolving the temporary injunction previously issued and denying a permanent injunction; that appellant take nothing against appellee; that defendants, Don Blake, Earl Hessman and Carl Critz, take nothing in their cross-action against appellant and that appellee have judgment for $1,000, jointly and severally, against appellant and his bondsmen, M. C. Overton, Jr., and I. L. Robinson, but that no execution should issue against the surety, M. C. Overton, Jr., on the bond during the military service of the said M. C. Overton, Jr., and for three months thereafter, from which judgment appellant gave notice of appeal and same was entered on November 3, 1942, and thereafter perfected.

We find from the record that the original hearing and the latter one were both heard before the court without the intervention of a jury and that on this appeal both appellant and appellee called the attention of this court to the transcript, statement of facts and briefs filed in this court in this case in the former appeal, along with the transcripts and briefs filed in this second hearing, and both parties have quoted at length from the original statement of facts.

Appellant complains in point one that the trial court committed a judicial error in his original judgment and was not authorized to correct it at a subsequent term of the court and he complains in point two that the trial court was not authorized in a subsequent term of court to amend his original judgment where no testimony was offered to show clerical error, both of which points will be considered together. Appellee challenges both points and contends that there was neither a judicial error nor a clerical error made by the trial court in entering his original judgment but that same was an interlocutory judgment and needed no correction nor amending but that the trial court was authorized to enter his final judgment at a subsequent term of the court.

 It is our view that appellee is correct and that, regardless of what the trial court may have had in his mind when he entered his original judgment, such was only an interlocutory judgment as found by this court when the former appeal was dismissed. The record discloses and appellant concedes "that said judgment was not final and only interlocutory * * * the case had been developed and all matters were ripe for judgment * * * there was no necessity for an interlocutory order in this case at the time the court rendered his original judgment and all matters were ripe and ready to be disposed of at that time." With these statements made by appellant we fully agree but only an interlocutory judgment was entered and Words and Phrases Perm. Ed., vol. 22, pages 168, 169 says: "An interlocutory judgment is an intermediate or incomplete judgment, where the rights of the parties are settled but something remains to be done." This definition has the approval of numerous other authorities in such cases.

 It is our opinion that the trial court did have authority to enter a final judgment at a subsequent term of court and this court so held in a similar suit in the case of Brannon v. Wilson, 260 S.W. 201. We cite other authorities in support of the rule by quoting first as follows from Freeman on Judgments, Vol. 1, page 279, par. 143: "The rule limiting the power of courts over their judgments to the term at which they were rendered applies only to final judgments. An interlocutory decree does not pass out of the control of the court with the end of the term. Until the pronouncement of the judge has assumed the form of a final judgment by being entered or otherwise properly made a matter of record, it is subject to modification, change or amendment even after the term in which it was made."

This rule is supported by 25 Tex.Jur. 549, 550, par. 153; 3 Tex.Jur. 126, § 62; 21 C.J. 643, § 822, and pages 703 to 706, § 873; 30 C.J.S., Equity, §§ 582, 624; Salyer et al. v. Arnett et al., Ky., 62 S.W. 1031; Judson et al. v. Gage, 2 Cir., 98 F. 540; United States v. Sixty-five Cases of Glove Leather, D.C., 254 F. 211; Venner et al. v. Denver Union Water Co. et al., 40 Colo. 212, 90 P. 623, 122 Am.St.Rep. 1036.

We therefore overrule appellant's assignments of error found in points one and two.

■ Appellant complains in a third point or assignment of error that the trial court committed an error in finding that appellant was indebted to appellee in the sum of $2,000, against which an offset of $1,000 was made, which sum he found appellee owed appellant, and, as a result, he rendered final judgment against appellant for $1,000 when there was no evidence in the record to support the finding that appellant was indebted to appellee in the sum of $2,000 and thus no evidence to warrant such judgment.

Appellant concedes that the facts have been fully developed before the trial court and he quotes the testimony at length and contends that the trial court would have had a basis for a finding that appellant was indebted to appellee in the sum of $4,600 or $5,000, as claimed by appellee, or for the sum of $32 or $40, as claimed by appellant, but that there was no evidence to authorize the trial court to arbitrarily strike a dividing line or balance and find appellant indebted to appellee in the sum of $2,000, offset against it the $1,000 which he found appellee owed appellant, and then enter final judgment against appellant for $1,000.

The record discloses, and there is ample testimony to justify the trial court in finding, that appellant sold to appellee a large supply of used oil field materials known as "junk" or "scrap" iron and agreed to deliver to him "1500 to 2000 tons, more or less;" that 1306 tons of such material were delivered to appellee, which he admits; that various prices were fixed by various witnesses as a reasonable market price for each of the various kinds of material but the average price fixed was about $10 per ton. Since the record shows the minimum tonnage to be delivered to appellee was 1,500 tons and since it was admitted that 1,306 tons had been delivered, the trial court was justified in finding from the testimony that appellant was indebted to appellee for a balance of 200 tons of "scrap" or "junk" iron at the reasonable market value of $10 per ton, making a total of $2,000, offset against it $1,000 and render final judgment for $1,000. Although the testimony was conflicting as to the sum appellant was indebted to appellee, the trial court was warranted in accepting this amount as a just and fair value in adjusting that part of the contention between the parties. We find no error revealed in this assignment and the same is overruled.

We have carefully examined all of the assignments of error and find no errors revealed. The judgment of the trial court is therefore affirmed.