**Boyce C. McCONNELL, Appellant,**

v.

**COLUMBIA COMPANY, Appellee.**

No. 16026.

Court of Civil Appeals of Texas. Fort Worth.

June 12, 1959.

Rehearing Denied July 10, 1959.

Holman, Graves & Saccomanno, and Burke Holman, Houston, for appellant.

DeLange, Hudspeth & Pitman, Houston, for appellee.

RENFRO, Justice.

Plaintiff McConnell, a licensed real estate dealer, sued defendant Columbia Company for a commission for procuring a tenant for defendant's building.

Plaintiff's petition alleged: Defendant was owner of a new office building. On January 6, 1957, plaintiff was authorized by defendant in a conversation with defendant's representative to show space to prospective tenants and was promised the regular real estate commission approved by the Houston Real Estate Board. Plaintiff took a representative of the Texas Gas Corporation to defendant for the sole purpose of interesting Texas Gas Corporation "in the leasing of space of approximately 4,500 square feet" in defendant's building. On February 26, 1957, plaintiff received notice from defendant that Texas Gas Corporation had executed a letter of intent for lease of 4,500 square feet of space in the building. Defendant sent plaintiff a check in the amount of $2,630.74, dated February 26, bearing the words, "In full payment for all amounts due Payee for services in negotiating lease with Texas Gas Corporation in building at 2472 Bolsover Road, Houston, Texas." Plaintiff accepted the check in full payment of services rendered. On May 10, 1957, defendant executed a lease with Texas Gas Corporation for a total space of 19,365 square feet for a ten year period.

Plaintiff brought suit for commission on the theory that defendant had deceived him and perpetrated a fraud on him by representing that only 4,500 square feet had been leased to Texas Gas Corporation when in fact 19,365 square feet had been so leased, and that because defendant issued the above mentioned check to plaintiff it had recognized and acknowledged the existence of the parol agreement, and the obligation being fixed, defendant perpetrated a fraud on plaintiff by failing to pay a commission on the full lease.

Defendant generally and specially denied all material allegations; plead that plaintiff had been fully paid with respect to all services rendered, and expressly plead the statute of frauds, Article 3995, and the Real Estate Dealers Act, Article 6573a, especially sections 4, 5, 19 and 28, Vernon's Ann. Civ.St.

On the trial of the case before the court without a jury, defendant objected to evidence by plaintiff attempting to prove an oral agreement as a basis for commissions.

Plaintiff's bill of exception reflects that when the objection was made the court stated he would hear argument upon the question of the exclusion of testimony by plaintiff of an oral agreement. After hearing argument the court excluded testimony of any oral agreement by defendant to pay a real estate commission to plaintiff.

It is clear from the bill of exception and the statement of facts that the trial court excluded from the plaintiff's case only the testimony of any oral agreement by the defendant Company to pay a real estate commission to the plaintiff. After the objection to testimony to an oral agreement was sustained, the court asked, "Is that all you have to offer?", to which plaintiff's attorney answered, "Yes, sir", and rested his case.

In his brief plaintiff includes a purported copy of a letter dated February 5, 1957, addressed to defendant, in which Texas Gas agreed to rent 4,497 square feet in the building at 2472 Bolsover Road for a period of four years The letter was accepted and agreed to by defendant on the same day. Plaintiff's name does not appear in the letter. The letter was not offered in evidence. Neither was the check offered in evidence.

No evidence was offered as to fraud and misrepresentation by defendant and plaintiff did not by bill of exception or otherwise show what such evidence would have been.

Plaintiff concedes that the lease between defendant and Texas Gas, which included an aggregate of 19,365 square feet, was not executed until May 10, 1957.

Plaintiff admits that the contract, being an oral or parol agreement, could not be enforced had defendant prior to time of issuance of the check declined to recognize and acknowledge the existence of the parol agreement.

■ It is provided in Sec. 28 of Article 6573a: "No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized." A lease transaction, as the one here involved, is a sale of real estate within the contemplation of Article 6573a, Sec. 28. Stroble v. Tearl, 148 Tex. 146, 221 S.W.2d 556.

In Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 843, 9 A.L.R.2d 742, the Supreme Court, in discussing Sec. 22 (now Sec. 28) held: "The long-standing rule in this court is that the essential elements of a contract required to be in writing may never be supplied by parol. * * * A contrary rule would practically set at naught the statute of frauds. Discussing the particular statute under review here we stated in Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, 516, that 'Its purpose, like that of other sections of the Statute of Frauds, is to prevent fraud arising from parol testimony as to the terms and conditions of such contracts.' That purpose could not be served if evidence were admitted to establish that respondents agreed orally to pay petitioners a commission for effecting a consummated sale."

■ Section 28 is generally construed literally. Thus, evidence of an executed oral contract or of services performed is not admissible to sustain a suit for brokerage fees. Landis v. W. H. Fuqua, Tex. Civ.App., 159 S.W.2d 228, error refused. The writing required by Sec. 28 is sufficient so long as the entire contract may be established therefrom even though it was made

subsequent to an oral agreement. Air Conditioning, Inc. v. Harrison-Wilson-Pearson, 151 Tex. 635, 253 S.W.2d 422. The agreement, however, must state the name of the broker to whom the commission is to be paid. Watson v. Brazelton, Tex. Civ.App., 176 S.W.2d 216. It must promise that a definite commission will be paid or must refer to a written commission schedule. Buratti & Montandon v. Tennant, supra. It must be signed by the person to be charged with the commission, and it must identify or provide a means of identifying the property intended to be conveyed. Pickett v. Bishop, 148 Tex. 207, 223 S.W.2d 222; Tidwell v. Cheshier, 153 Tex. 194, 265 S.W.2d 568. The writing either in itself, or by reference to some other existing writing, must identify with reasonable certainty the land to be conveyed. Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150.

■ Even if the check issued by defendant to plaintiff had been introduced in evidence, it was not a sufficient writing or memorandum to meet the requirements of Sec. 28 as said section is construed by the above authorities.

■ According to the state of record before us, the plaintiff did no more than attempt to prove a parol agreement. The trial court did not err in excluding such evidence.

■ The statute is plain, unequivocal and mandatory, Coughran v. Smith, Tex.Civ.App., 167 S.W.2d 815, and an executed oral contract does not take the agreement out of Art. 6573a. Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203

■ The plaintiff bases a point of error on the act of the trial court in rendering judgment for defendant because there had been an award for plaintiff in arbitration. Although plaintiff pleaded the dispute had been arbitrated in his favor, no evidence was introduced or offered pertaining to arbitration. The point is overruled.

The judgment is affirmed.