**M. Allen BANKS, Appellant,**

v.

**CAROLINE REALTY COMPANY, Appellee.**

No. 3501.

Court of Civil Appeals of Texas.

Eastland.

Jan. 29, 1960.

Rehearing Denied Feb. 19, 1960.

——◆——

Sterrett & Haemmel, Houston, for appellant.

Fulbright, Crooker, Freeman, Bates & Jaworski, Houston, for appellee.

GRISSOM, Chief Justice.

M. Allen Banks sued Caroline Realty Company for a commission for negotiating a lease of real estate owned by the defendant for a period of ten years. Plaintiff alleged an oral contract for the payment of a real estate dealer's commission. The court sustained the defendant's exception to the effect that Article 6573a, Section 28, prohibited the recovery in any court of this state of a commission for the negotiation of said lease because the agreement was not in writing. Plaintiff refused to amend, his cause was dismissed and he has appealed. Said section 28 provides that no action shall be brought in any court for a commission for the "sale or purchase" of real estate unless the agreement to pay a commission, or some memorandum thereof, shall be in writing and signed by the party to be charged. The sole question presented is whether making the lease amounted to a sale or purchase of real estate within the meaning of said statute. In Stroble v. Tearl, 148 Tex. 146, 221 S.W.2d 556, our Supreme Court construed said statute and held that the procurement by a real estate dealer of a transfer of a lease which had more than one year to run was a "sale or purchase of real estate" within the provision of Section 28, Article 6573a that no action for a commission could be maintained in the absence of some memorandum in writing signed by the party to be charged. The only material difference between this and the Stroble case is that in the Stroble case there was a negotiation of a transfer of a lease for more than one year and here there was the execution of a lease for more than a year. We hold that the facts of this case bring appellant within the purview of said statute and the reasoning of the Supreme Court in the Stroble case. The judgment is affirmed.