**Lyn E. DAVIS et al., Appellants,**

**v.**

**C. C. FREEMAN et al., Appellees.**

No. 15839.

Court of Civil Appeals of Texas.

Dallas.

May 19, 1961.

Rehearing Denied June 16, 1961.

Fair & Wuntch, Dallas, for appellants.

Sanders, Nolen, Samples & Stevenson, Wm. Andress, Jr., and Carl Mays, Dallas, for appellees.

WILLIAMS, Justice.

Lyn B. Davis and Harold Beverly, as plaintiffs, sued C. C. Freeman, Tom Gardner and Dallas Loan & Mortgage Company, a corporation, as defendants, alleging that, as licensed real estate brokers, they were entitled to real estate commission against the defendants Freeman and Gardner, owners of the property involved, and, in the alternative, plaintiffs sought damages against Dallas Loan & Mortgage Company, for alleged fraudulent interference with the consummation of the sale of the property involved. Plaintiffs alleged that defendants, being desirous of selling, placed said property with the plaintiffs on or about May

19, 1958, for sale, and also about said date entered into a contract with plaintiffs, said contract being in writing and containing an agreement to pay a commission. Plaintiffs alleged that the contract had a "cut-off" date of May 19, 1959, but that prior to said date an oral extension had been agreed upon, and that during said extension of time they secured a purchaser, Dallas Loan & Mortgage Company; that Dallas Loan & Mortgage Company bought the property but Freeman and Gardner had not paid them a commission. It was also alleged by plaintiffs that at the time of the purchase of the property the defendant Dallas Loan & Mortgage Company knew of the contractual relationship between plaintiffs and defendants Freeman and Gardner but each of the defendants had entered into an understanding and course of conduct whereby, in order to defeat the plaintiffs of their commission, and for the purpose of bypassing plaintiffs, they began secretly to trade together. In their second count, and in the alternative, plaintiffs sought damages against the defendant Dallas Loan & Mortgage Company on the basis of an alleged fraudulent interference with the consummation of the original contract.

Considering the pleadings, motions for summary judgment, and affidavits attached thereto, the trial court sustained defendants' motion for summary judgment that plaintiffs take nothing. Appellants appeal upon five points of error, their chief contention being that issues of fact were presented and therefore the trial court committed error in granting motion for summary judgment.

We first consider appellants' cause of action in their first count having to do with the recovery of commission for the sale of real estate. Art. 6573a, § 28, Vernon's Ann.Texas Civ.St. provides:

"No action shall be brought in any court in this State for the recovery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall

be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

This statute was specifically pled as a defense by appellees. It is the established law of this State that in order for licensed real estate broker to recover commission for the sale of real estate, where the above statute is pled as a defense, it is incumbent upon such broker to both allege and prove a contract or memorandum in writing, complete in itself in every material detail. Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515. The contract must contain the essentials of a contract so that they may be ascertained from the writing without resort to parol testimony. Dunn v. Slemons, Tex. Civ.App., 165 S.W.2d 203; Couser v. C. & M. Produce Co., Tex.Civ.App., 174 S.W.2d 984, err. ref. Accordingly, the controlling question is whether or not the contract made the basis of this suit meets the requirements of Art. 6573a, § 28, V.A.T.C.S. To answer the question requires careful consideration of the contract itself.

The written agreement relied upon by appellants, eliminating immaterial portions thereof, is as follows:

"By this agreement and contract, C. C. Freeman and Tom Gardner hereinafter called seller acting through the undersigned and duly authorized agent, hereby sells and agrees to convey (or cause to be conveyed) unto —————— hereinafter called purchaser, that said purchaser hereby agrees to buy and to pay for the following described property: (property here adequately described). The purchase price is $435,-000 payable as follows: $90,000 cash (of which purchaser has deposited with the undersigned agent $———, as part payment, receipt of which is hereby acknowledged by said agent); and the assumption of loans in the amount of $345,000—20 years at 6% payable in monthly installments of $3,059 includ-

ing principal, interest, taxes and insurance. * * * This contract subject to the following special conditions: * * * (2) This contract must be accepted on or before Monday, May 19, 1958, or it becomes null and void. * * * Should the purchaser fail to consummate this contract as specified for any reason, except title defects, Seller shall have the right to retain said cash deposit as liquidated damages for the breach of this contract, and shall pay to Agent therefrom the usual sale commission, in accordance with the schedule recommended by the Dallas Real Estate Board; or Seller may enforce specific performance of this contract. Seller agrees to pay said agent the usual sale commission in accordance with the schedule recommended by the Dallas Real Estate Board as of this date. * * * Executed in triplicate this the——— day of ———, 19—. This contract subject to the acceptance of Seller.

> "Tom Gardner     /s/
> "Seller
> "C. C. Freeman     /s/
> "Seller
> "Lyn B. Davis, Realtor
> "Realtor, Member of Dallas Real Estate Board
> "By Lyn E. Davis     /s/
> "Agent for Seller."

■ Before proceeding further to a consideration of the validity of this contract, we observe that the appellant Beverly is not a party thereto, either as a signatory or by reference in any capacity. Though it is alleged that appellee Davis and Beverly were the brokers included in this written contract, Beverly himself is not an apparent party to the agreement in writing. We have carefully searched the record before us and find no evidence either in the pleadings or the affidavits to reveal the status of Beverly as a party to the contract in writing. Davis is shown to be the agent and the only one signing thereto as agent. Therefore, we can only conclude that Beverly's connection with this sales agreement is oral and any cause of action he, personally, might have would be barred by the specific terms of Art. 6573a, § 28, V.A.T.C.S. Therefore, the trial court correctly sustained the summary judgment against the appellant Beverly insofar as the cause of action for recovery of real estate commissions is concerned.

Appellees contend that the contract quoted above is insufficient, as a matter of law, to bring it within the requirements of the Real Estate Dealers Licensing Act providing that no action should be brought for recovery of commission unless the agreement, or memorandum, was in writing and signed by the parties to be charged. They further contend that the object of the statute was to prohibit a real estate dealer from maintaining a suit for commission where an essential element of the written contract could be established only by parol evidence. Denman v. Hall, supra; Penrod v. Krebs, Tex.Civ.App., 240 S.W.2d 388 (writ dis.); McConnell v. Columbia Co., Tex.Civ.App., 326 S.W.2d 20 (writ ref. n. r. e.)

Appellees contend that to fix the amount of the compensation to be paid to appellants it would be necessary to introduce parol evidence to show the date of the contract and that this is a material part of the contract inasmuch as it is there provided that the commission is to be in accordance with the schedule recommended by the Dallas Real Estate Board "as of this date". As shown above the contract does not bear a date. We are in agreement with appellees' contention in this regard.

The issue has been resolved by the Supreme Court in Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742. In that case the contract relied upon for recovery of real estate commission provided that the seller shall pay the agent "the usual commission". Chief

Justice Hickman of the Supreme Court, in deciding that the contract was insufficient, said:

> "The long-standing rule in this court is that the essential elements of a contract required to be in writing may never be supplied by parol. Jones v. Carver, 59 Tex. 293; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Wilson v. Fisher, 144 Tex. 53, 188 S. W.2d 150. A contrary rule would practically set at naught the statute of frauds. Discussing the particular statute under review here we stated in Denman v. Hall, 144 Tex. 633, 193 S. W.2d 515, 516, that 'Its purpose, like that of other sections of the Statute of Frauds, is to prevent fraud arising from parol testimony as to the terms and conditions of such contracts.' That purpose could not be served if evidence were admitted to establish that respondents agreed orally to pay petitioners a commission for effecting a consummated sale."

See also Kress v. Soules, Tex.Civ.App., 255 S.W.2d 244.

■ Appellants rely upon Lawson v. Holloman, Tex.Civ.App., 238 S.W.2d 987. The facts in that case are quite distinguishable from those in the instant appeal. In Lawson's appeal the contract provided that the fee would be as "prescribed in current commission schedule of San Antonio Real Estate Board". In the case under consideration the fee is prescribed to be "usual sales commission in accordance with the schedule *recommended* by the Dallas Real Estate Board *as of this date.*" (Emphasis supplied.) Quite obviously in order to recover it would be necessary not only to supply the date of the contract by parol but also to show the fee which would have been recommended as of that date by the Dallas Real Estate Board. We sustain appellees' counterpoints and hold that the contract relied upon by appellants is insufficient, as a matter of law, to comply with the expressed provisions of the Real Estate Licensing Act.

Appellants' first, second, fourth and fifth points complaining of the action of the trial court in sustaining appellees' motion for summary judgment on their cause of action for the recovery of real estate commissions based upon the alleged written contract are therefore overruled.

■ We now turn to consideration of appellants' third point, having to do with their alternative count for the recovery of damages against the appellee Dallas Loan & Mortgage Company, a corporation. This point is based upon the proposition that one who knowingly induced a party to a contract to breach it, to the damage of the other party, commits an actionable wrong for which he may be held liable in damages to the injured party. 25 Tex.Jur. 31, § 2; 41–A Tex.Jur. § 14. The fact that the contract is unenforceable as between the agent and seller does not preclude the cause of action for alleged wrongful interference on the part of the purchaser. The identical question has been decided by this court in Yarber v. Iglehart, 264 S.W. 2d 474. In that case action was for a commission, or in the alternative for damages, by a real estate broker against a vendor, purchaser and others who allegedly interfered with the alleged oral listing contract. Chief Justice Dixon of this Court in deciding that case held that the alleged oral listing contract could not be enforced against the vendor, but that one who fraudulently induced a party to breach his contract with another is liable in damages, although the breached contract is unenforceable because of the Statute of Frauds. We held also that it is well established that the Statute of Frauds may not be invoked by a stranger to the contract and that an oral contract is not void, illegal or inherently wrong because it fails to conform to the requirements of the Statute of Frauds. The Statutes simply established a rule of evidence which is personal to the person to be charged under the terms of the contract and

he may rid himself of it or not as he elects; but it does not rest with others, strangers to the contract, to say that the parties will not abide by their agreement regardless of the Statute of Frauds.

Such being the law, we turn to the facts. Appellants alleged that Dallas Loan & Mortgage Company had full knowledge of their contract of sale with the seller, and that, notwithstanding such knowledge of such relationship it purchased the property directly from the seller and thereby fraudulently interfered with appellants' rights to recover commission. In an affidavit in support of motion for summary judgment on behalf of Dallas Loan & Mortgage Company, one Harold L. Knop said that he was President of the Dallas Loan & Mortgage Company and that in December 1958 Mr. Lyn E. Davis came to his office and solicited him to make an offer on the property involved; that after some negotiation he did submit a written offer and gave the same to Mr. Davis for delivery to the owners, which offer was not accepted and later withdrawn. He swore that Davis came to his office and returned the written offer and told him that Freeman and Gardner were crazy and that, under the circumstances, that he, Davis, was through dealing with them. He swore that subsequent to this he entered into negotiations with Freeman and Gardner and at such time asked them if Davis was representing them in the matter and that they, Freeman and Gardner both stated that Davis and Beverly were no longer their agents and were not connected with them in the sale of this property in any manner. He then resumed negotiations and subsequently purchased the property. He said he personally notified Mr. Davis of such negotiations and the possibility of sale and that Davis at such time told him that he did not have a contract with Freeman and Gardner. Knop specifically denied that he had anything to do with depriving Davis or Beverly of any commission on the transaction. Opposing this the record reveals an affidavit by Lyn B. Davis and Harold Beverly wherein, in addition to swearing to each and all of the facts contained in their second original amended petition, Davis specifically swore that he denied that he told Knop at anytime that Freeman and Gardner were crazy and that he, Davis, was through dealing with them. He further denied that he told Knop that he did not have a contract with Freeman and Gardner and further swore that he, at all times, specifically insisted upon his contractual rights.

It is obvious to us that the affidavits, pleadings, and exhibits clearly raise an issue of fact concerning this count of recovery by appellees.

Appellees earnestly contend that since the written agreement, by its own terms, became null and void as of May 19, 1958, and since the transaction with Dallas Loan & Mortgage Company occurred subsequent to that date, that there was no contract and therefore no cause of action. We overrule appellees' counter-point in this regard. Appellants' pleadings are specific in stating that prior to May 19, 1958 the "cutoff" date had been extended by the sellers and that, subsequent to May 19, 1958, and relying upon such oral extension appellants had performed services in connection with the consummation of the sale.

In the recent case of Little v. Employees Security Life Ins. Co., 343 S.W. 2d 517, we had occasion to pass upon this question, and we held there that as a general rule parol agreements to extend the time for performance of contract required by the Statute of Frauds to be in writing are void, however, this rule is modified to the extent that parol extension of the contract required by the Statutes to be writing is valid when made before the date of performance has expired, or is still in its executory state. See also Watkins v. Arnold, Tex.Civ.App., 60 S.W.2d 476; Bullis v. Noyes, 75 Tex. 540, 12 S. W. 397; Parks v. Underwood, Tex.Civ. App., 280 S.W.2d 320; Evans v. Shipp, Tex.Civ.App., 327 S.W.2d 679; Manning

v. Barnard, Tex.Civ.App., 277 S.W.2d 160; Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 164 S. W.2d 488.

 Reviewing the evidence on this point in a light favorable to the appellants, as we are required to do, we cannot say that there was no issue of fact presented by the pleadings and affidavits before the trial court concerning the second count of recovery, Smith v. Bolin, 153 Tex. 486, 271 S.W.2d 93.

The judgment of the trial as to appellees C. C. Freeman and Tom Gardner is affirmed. The judgment of the trial court sustaining motion for summary judgment as to the appellee Dallas Loan & Mortgage Company, a corporation, is reversed and remanded.