**BACHMAN CENTER CORPORATION,**
Appellant,

v.

**Lewis A. SALE, Appellee.**

No. 16022.

Court of Civil Appeals of Texas.

Dallas.

June 22, 1962.

Rehearing Denied July 20, 1962.

Gordon L. Roark (no atty. listed for appellant), pro se.

Sleeper, Boynton, Burleson, Williams & Johnston, Minor L. Helm, Jr., Waco, for appellee.

Turner, Rodgers, Winn, Scurlock & Terry and James W. Leftwich, Dallas, for appellant.

Wm. Andress, Jr., Dallas, for appellee.

WILLIAMS, Justice.

Suit to recover commission. Lewis A. Sale sued Bachman Center Corporation alleging that he was the owner of 35% of the outstanding capital stock of said corporation and a director thereof; that the Directors of said Corporation had, by resolution, authorized Sale to secure leases on property owned by the Corporation; that he was to be paid a commission in accordance with the Dallas Real Estate Board schedule; that he had procured two leases and that the Corporation was indebted to him for commissions. This appeal follows granting of summary judgment in favor of plaintiff and denial of summary judgment of defendant.

By its first point on appeal appellant contends that the trial court erred in granting appellee's motion for summary judgment since said motion had already been denied by another District Judge. The record reveals that on January 19, 1960 the Honorable Dallas A. Blankenship, Judge of the 101st District Court of Dallas County, Texas, heard and considered motions for summary judgments presented by both appellant and appellee and, on the 29th day of January 1960 entered an order overruling same. Thereafter on May 8th, 1961, the Honorable Paine L. Bush, Judge of the 68th District Court of Dallas County, Texas

heard and considered appellee's motion for summary judgment together with appellant's amended motion for summary judgment, and on the 15th day of June 1961 entered the present order. Appellee's original suit, filed in the 101st District Court was in the nature of a suit for commissions and also a stockholder's derivative suit for restitution. When Judge Blankenship heard the motions for summary judgment the original suit was intact. Thereafter, the suit for commissions had been severed from that part of the case dealing with the derivative stockholder's action. Furthermore, after this part of the severed cause had been transferred to the 68th District Court appellee's deposition had been taken and considered by the Court when both motions for summary judgments were again presented to Judge Bush. It is fundamental that a District Court has the inherent right to change or modify any interlocutory order or judgment down to the time when the judgment on the merits of the case becomes final. Rule 166–A, Texas Rules of Civil Procedure. Sneed v. Martin, Tex.Civ.App., 292 S.W.2d 891; Wichita Falls & S R Co., v. McDonald, 141 Tex. 555, 174 S.W.2d 951; Manley v. Razien, Tex.Civ.App., 172 S.W.2d 798; 25 Tex.Jur. 549, 550. The summary judgment rule clearly intends that the trial court shall determine from the *entire record then before it* whether in fact there is a disputed material issue to be determined by a trier of facts. Burnett v. Cory Corporation, Tex.Civ.App., 352 S.W. 2d 502. Appellant's first point is overruled.

 Appellant's primary contentions are found in points 2, 3, 4, and 5 wherein it is claimed that the court erred in granting appellee's motion for summary judgment and in denying appellant's amended motion for summary judgment because appellee could not recover herein as a matter of law, in that (a) he did not have a real estate license as required by the Texas Real Estate License Act, Art. 6573a § 19, Vernon's Ann.Civ.St. and (b) he had no written contract for commissions as required by Texas Real Estate License Act,

Art. 6573a, § 28, V.A.C.S. Appellee counters these points with the contention that same have been waived by appellant in that said defenses of illegality were not affirmatively pleaded. Appellee, in his petition, did not plead that he was a duly licensed real estate broker or salesman. Appellant's only answer is a general denial. As a general rule the defense of illegality must be specifically pled and if not, is waived. Rules 90 and 94, T.R.C.P. Enfield Realty & Home Building Co. v. Hunter, Tex.Civ.App., 179 S.W.2d 810; Lobstein v. Watson, Tex.Civ. App., 186 S.W.2d 999 and Goen v. Hamilton, Tex.Civ.App., 159 S.W.2d 231. However, this is a summary judgment action and not a trial on the merits of the case. While it is true that appellant did not affirmatively plead defenses of illegality in its answer such defenses of lack of license and lack of written contract were brought to the attention of the trial court prior to the rendition of the final judgment. Such pleadings are contained in appellant's amended motion for summary judgment filed May 6, 1961, prior to the judgment of June 15, 1961. The identical contention made by appellee here was advanced in Juliani v. Fitz-Gibbon, Tex. Civ.App., 234 S.W.2d 448. The court there held that even though the affirmative defense of lack of dealer's license had not been affirmatively pled, yet there was no waiver where the matter had been brought to the attention of the Judge prior to the rendition of final judgment. We therefore hold that appellant did not waive its defenses of illegality.

We now turn our consideration to what we deem to be the crucial points on this appeal, namely, points 4 and 5 wherein appellant contends that appellee could not recover, as a matter of law, because of his failure to have a written contract for commissions as required by the Texas Real Estate License Act, Art. 6573a, V.A.C.S. § 28.

Art. 6573a, V.A.C.S. provides:

"Sec. 28. No action shall be brought in any court in this State for the re-

covery of any commission for the sale or purchase of real estate unless the promise or agreement upon which action shall be brought, or some memorandum thereof, shall be in writing and signed by the party to be charged therewith or by some person by him thereunder lawfully authorized."

■ A lease transaction is a "sale" of real estate within the contemplation of this Article. McConnell v. Columbia Co., Tex. Civ.App., 326 S.W.2d 20; Banks v. Caroline Realty Co., Tex.Civ.App., 331 S.W.2d 946.

The only writing relied upon by appellee to meet the requirements of this Statute is the corporate resolution, duly adopted, reading as follows:

> "Resolved, that Lewis A. Sale, shall be appointed exclusive leasing agent of the corporation to lease the store rooms to be situated in the shopping center to be constructed by the corporation, and that he shall be paid as compensation the commissions recommended and adopted by the Dallas Real Estate Board which are in effect at the time each such lease is executed and delivered."

Exhibit No. 1, attached to appellee's deposition is a copy of the schedule of the commissions of the Dallas Real Estate Board, "revised as of January 1, 1959". The leases in question were signed in the year 1956. Appellee Sale, in his affidavit in support of motion for summary judgment, recites that he was familiar with the schedule of commissions for procuring leases promulgated by the Dallas Real Estate Board in 1956 and then stating what such commissions would be. The record further reveals that after the adoption of the corporate resolution Lewis A. Sale presented a written contract of employment as exclusive leasing agent to the corporation, but that said contract was not approved, nor was any other written contract ever entered into between Sale and the Corporation.

■ The paramount question, therefore, is whether the Corporate resolution is sufficient, as a matter of law, to meet the requirements of the statute. The provisions of the Real Estate License Act (Art. 6573a, V.A.C.S.) relating to written agreements for commissions are a portion of the statute of frauds and must be construed in the same manner. Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515. It has also been held that corporate minutes and corporate resolutions, if otherwise sufficient and complete, constitute such writings as meets the statute of frauds. Texas Western Ry Co. v. Gentry, 69 Tex. 625, 8 S.W. 98; Republic Supply Co. v. Waggoner, Tex.Civ.App., 283 S.W. 537, writ ref.; Smith Detective Agency & Night Watch Service v. Town of Highland Park, Tex.Civ.App., 5 S.W.2d 598 and note in 127 A.L.R. 236.

■ Even so, the writing, whether it be a corporate resolution or a separate contract in writing, relied upon by the person bringing the action for commissions must be complete in itself in every material detail. Denman v. Hall, supra. The contract must contain the essentials of a contract so that they may be ascertained from the writing without resort to parol testimony. Denman v. Hall, supra; Dunn v. Slemons, Tex.Civ.App., 165 S.W.2d 203; Couser v. C & M Produce Co., Tex.Civ.App., 174 S.W.2d 984; Penrod v. Krebs, Tex.Civ.App., 240 S.W.2d 388; McConnell v. Columbia Co., Tex.Civ.App., 326 S.W.2d 20; Davis v. Freeman, Tex.Civ.App., 347 S.W.2d 650.

In the recent case of Davis v. Freeman, supra, this Court had occasion to pass upon a very similar question in which the written contract for commissions relied upon by the plaintiff contained a provision that he was to be paid "the usual sale commissions, in accordance with the schedule recommended by the Dallas Real Estate Board." We held that such contract was an insufficient writing in that it would be necessary to introduce parol testimony concerning the amount of the commissions on the date in question. Our holding there was

supported by the decision of the Supreme Court in Buratti & Montandon v. Tennant, 147 Tex. 536, 218 S.W.2d 842, 9 A.L.R.2d 742 which was a case involving a contract which provided that the seller shall pay the agent "the usual commission". Chief Justice Hickman of the Supreme Court, in deciding that the contract was insufficient, said:

> "The long-standing rule in this court is that the essential elements of a contract required to be in writing may never be supplied by parol. Jones v. Carver, 59 Tex. 293; Osborne v. Moore, 112 Tex. 361, 247 S.W. 498; Wilson v. Fisher, 144 Tex. 53, 188 S.W. 2d 150. A contrary rule would practically set at naught the statute of frauds. Discussing the particular statute under review here we stated in Denman v. Hall, 144 Tex. 633, 193 S.W.2d 515, 516, that 'Its purpose, like that of other sections of the Statute of Frauds, is to prevent fraud arising from parol testimony as to the terms and conditions of such contracts.' That purpose could not be served if evidence were admitted to establish that respondents agreed orally to pay petitioners a commission for effecting a consummated sale."

It is quite obvious that the rule just quoted applies with equal force to the factual situation here presented. The corporate resolution, in order to be effective, must be supported by parol testimony concerning the amount of the commission due in 1956, the date the leases were obtained and accepted by the corporation. The schedule of fees of the Dallas Real Estate Board, introduced in evidence, are effective in 1959. It was incumbent upon Sale to supply, by parol testimony, what the commissions would have been in 1956. Accordingly, the writing relied upon by appellee is insufficient, as a matter of law, to constitute a valid written contract within the meaning of the Statute, and it therefore follows that his cause of action must fail. Appellant's points 4 and 5 are sustained.

Our action with reference to the foregoing points renders it unnecessary that we discuss or pass upon the remaining points advanced by appellant.

The judgment of the trial court is reversed and here rendered that appellee take nothing against appellant.

Reversed and rendered.