The LOCATORS, INC. OF TEXAS, Appellant,

v.

Verner C. J. PETERSON, individually and d/b/a Medical Center Pharmacy, Appellee.

No. 4266.

Court of Civil Appeals of Texas, Waco.

Oct. 8, 1964.

Rehearing Denied Oct. 29, 1964.

Engel & Yelton, Houston, for appellant.

James P. Markham, Jr., Houston, for appellee.

McDONALD, Chief Justice.

This is a suit to recover a commission. Plaintiff, Locators, Inc., sued defendants for a $10,000. commission, alleging it was entitled to such sum under an "exclusive authorization," wherein plaintiff was appointed exclusive agent for the sale of defendant's business known as Medical Center Pharmacy. Defendant answered, among other things, that plaintiff's "Exclusive Authorization" did not comply with Art. 3995 (Sec. 4) R.C.S. (Statute of Frauds), nor with Art. 6573a R.C.S. (Texas Real Estate License Act), Vernon's Ann.Civ.St. art. 6573a.

Trial was to the court without a jury. At the conclusion of plaintiff's evidence the Trial Court sustained defendants' motion for judgment, and entered judgment that plaintiff take nothing.

Plaintiff appeals, contending the Trial Court erred in rendering judgment against it for the reason that the "Exclusive Authorization" agreement between the parties was not invalid as a matter of law.

The principal question for determination is whether the "Exclusive Authorization" agreement is invalid as a matter of law under Art. 3995, Sec. 4 (Statute of Frauds) or Art. 6573a (Texas Real Estate License Act) for want of a proper description of the real estate involved. Pertinent portions of the agreement follow:

"Exclusive Authorization to
The Locators, Inc. of Texas
Houston

"Date Jan. 24, 1962

"You are hereby appointed my Exclusive agent and authorized to negotiate the Sale or Lease of the property described on the reverse side hereof for the price and upon the terms herewith given or otherwise agreed to by me, and for the commission herein agreed upon, which I shall pay you forthwith at your office, if and when you procure a buyer or lessee ready, able, and willing to negotiage for such price and terms. If the property shall be sold by me or leased by some other agent while this contract remains in force, I shall nevertheless pay you the agreed commission whether the buyer or lessee is procured by you, by me, or such other agent.

\*     \*     \*     \*     \*     \*

Price to be asked by the Locators, Inc. of Texas $125,000.

"The owner, and/or its assigns, agrees to pay the Locators, Inc. of Texas ——% commission for SALE or LEASE and 10% for sale of fixtures and/or stock, if any, in accordance with the commission schedule of the Houston Real Estate Board on any SALE or LEASE of said property if SOLD or LEASED to any person, group of

persons, company or corporation, contacted by the Locators, Inc. of Texas, during the above specified time, either at the price and terms stated herein, or at any other price and terms accepted by the owner and/or its assigns.

"This contract shall be in full force and effect until February 7, 1962, and thereafter until 15 days' notice of cancellation sent by Registered Mail shall have been given to you.

" * * * I shall procure the transfer of my lease if any, for the premises wherein the property is located, and obtain the consent of the lessor to an assignment thereof to the buyer. * * *.
" * * *

"VERNER C. J. PETERSON
————————————
Owner
THE LOCATORS, INC. OF TEXAS
BY Eli Pickens."

No property whatsoever was described on the reverse side of the "Exclusive Authorization" instrument. Plaintiff did introduce in evidence an instrument which it asserts became a part of the agreement, and supplies the necessary description. Pertinent portions of such instrument follow:

"MEDICAL CENTER PHARMACY

Operating Expenses

| | November, 1961 | | 1–1 to 11–30–61 | |
|---|---|---|---|---|
| | Amount | % | Amount | % |
| Advertising | 69.58 | 21 | 1761.97 | 49 |
| Acct & Legal | 400.00 | 1.20 | 4400.00 | 1.22 |

 *    *    *    *    *    *    *    *    *    *    *

Note: Above statement is prepared without audit for use of the management only."

———————◆———————

The "Exclusive Authorization" involved real estate, and in fact called for a transfer of the lease (which the record reflects had 17 years to run).

It is our view that nowhere in the agreement or in the additional instrument introduced, is a legally sufficient description of the real estate here involved.

Our Supreme Court in Wilson v. Fisher, 144 Tex. 53, 188 S.W.2d 150, in considering the sufficiency of a writing under the Statute of Frauds, says:

"In so far as the description of the property is concerned the writing must furnish within itself, or by reference to some other existing writing, the means or data by which the particular land to be conveyed may be identified with reasonable certainty. * * *

"The certainty of the contract may be aided by parol only with certain limitations. The essential elements may never be supplied by parol. * * * But the parol must not constitute the framework or skeleton of the agreement. * * *"

Neither the "Exclusive Authorization" nor the other instrument introduced in evidence contains any reference, which would fill the gap of an insufficient description, and cause same to be legally sufficient under the Statute of Frauds.

The want of description is likewise fatal to plaintiff's case under the Texas Real Estate License Act. See Bachman Center Corp. v. Sale (n. r. e.), Tex.Civ.App., 359 S.W.2d 290.

The judgment of the Trial Court is affirmed.