**AFFIRMED and Opinion Filed November 3, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

—————————

### No. 05-20-00576-CV

—————————

**GLENN M. IHDE AND C. ALICE IHDE, Appellants**

**V.**

**NATIONSTAR MORTGAGE LLC D/B/A MR. COOPER AND THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE MORTGAGE SECURITIES TRUST 2006-FA1, Appellees**

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-04748-2017**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

Glenn and Alice Ihde appeal the trial court's summary judgment granting foreclosure of the deed of trust lien on their house. In four issues, the Ihdes generally contend the trial court erred in (1) failing to abide by its scheduling order, (2) considering defective summary judgment evidence, and (3) granting summary judgment on a lien claim that was barred by the statute of limitations. We affirm the trial court's judgment.

## Factual Background

In 2004, the Ihdes signed a purchase money note secured by a deed of trust lien on property located in McKinney, Texas. The original lender was First Horizon Home Loan Corporation ("First Horizon"). The current owner of the note and deed of trust is the Bank of New York Mellon f/k/a the Bank of New York as Trustee for First Horizon Alternative Mortgage Securities Trust 2006-FA1 ("BONY"). Nationstar Mortgage, LLC d/b/a Mr. Cooper ("Nationstar") is the mortgage servicer for BONY.

It is undisputed that the Ihdes stopped making payments on their note in March 2009. On May 4, 2009, First Horizon sent the Ihdes a notice of delinquency and informed them that the maturity of their note may be accelerated. One month later, on June 4, the law firm of Barrett Daffin Frappier Turner & Engel, LLP ("Barrett Daffin") sent the Ihdes a notice that their debt had been accelerated. Barrett Daffin then sent a second notice of acceleration on August 26.

On March 4, 2010, Barrett Daffin sent the Ihdes a notice by certified mail, return receipt requested, containing the following language:

> Mortgagee under the Deed of Trust referenced below hereby rescinds the notice of acceleration dated **08/26/09 and all prior notices of acceleration**. Mortgagee further agrees that Borrower may continue to pay the indebtedness due Mortgagee pursuant to the terms of the debt secured by the Deed of Trust. This Rescission of Acceleration does not waive or suspend the rights, interests or claims of Mortgagee, its successor or assigns, to accelerate and collect in the future the debt owed by Borrower. Mortgagee has appointed the undersigned as its

duly authorized agent to execute this instrument on its behalf for the purposes herein stated.

. . .

Sincerely,


Barrett Daffin Frappier Turner & Engel, LLP


None of the copies of the March 4 notice contained in the record has a physical signature by a member or representative of Barrett Daffin.

Over the course of the next seven years, the Ihdes' debt was accelerated on multiple occasions followed by rescissions of acceleration. In addition, the Ihdes were in bankruptcy six times after the June 4, 2009 acceleration and their note was the subject of prior litigation. *See Ihde v. First Horizon Home Loans*, No. 05-15-01084-CV, 2016 WL 7163857 (Tex. App.—Dallas Nov. 28, 2016, pet. denied) (mem. op.).

The Ihdes filed this suit on September 29, 2017, seeking a declaration that the note and deed of trust were void and unenforceable because appellees failed to seek enforcement of the note or exercise their rights under the deed of trust within the applicable limitations periods following the 2009 acceleration of their debt. Appellees answered and filed a counterclaim for foreclosure of the deed of trust lien.

On April 23, 2019, the trial court issued a scheduling order setting a trial date of October 28. The order specified that "[r]eset or continuance of the Initial Trial

Setting will not alter any deadline established by this Order or established by the Texas Rules of Civil Procedure, unless specifically provided by Rule 11 Agreement of the parties or Court order after motion showing good cause." The deadline by which a motion for summary judgment could be filed was set at thirty days before the initial trial setting. The parties later agreed to reset the trial date to March 2, 2020.

Appellees filed a motion for summary judgment on January 17, 2020. In the motion, appellees argued they were entitled to foreclose the deed of trust lien on the Ihdes' property because the Ihdes had not made any payments on their mortgage since 2009 and the note was properly accelerated on June 26, 2019. With respect to the Ihdes' assertion that the statute of limitations voided the note and deed of trust, appellees contended the 2009 acceleration on which the Ihdes relied was timely rescinded, which restored the note's original maturity date and reset the limitations period. Appellees further argued that limitations does not bar a counterclaim for foreclosure under section 16.069 of the civil practice and remedies code.

As summary judgment evidence, appellees submitted various documents and affidavits, including an affidavit signed by Robert D. Forster, II, an attorney with Barrett Daffin. In his affidavit, Forster testified that Barrett Daffin sent the Ihdes a notice on March 4, 2010 by certified mail, return receipt requested, stating the 2009 accelerations of their note had been rescinded. Forster further testified the notice was sent "with the intent of rescinding the notices of acceleration of the subject

loan." Attached to the affidavit were copies of the March 4 notice of rescission and proof of its mailing. The trial court set appellees' motion for summary judgment to be heard on February 20, 2020, the same day the pretrial conference was scheduled to occur.

The Ihdes objected to appellees' motion for summary judgment on the ground that it was filed untimely pursuant to the scheduling order. Subject to that objection, the Ihdes responded that the March 4, 2010 notice of rescission was ineffective because it was unsigned. The Ihdes additionally argued that section 16.069 of the civil practice and remedies code did not revive appellees' time barred claim because the statute does not apply to counterclaims against a party seeking only declaratory relief. The Ihdes later filed objections to appellees' summary judgment evidence asserting, among other things, that all testimony regarding the effectiveness of the March 4 notice, and the intent behind it, was conclusory.

Following the hearing, the trial court signed a final judgment granting appellees' motion and ordered that appellees "have judgment for foreclosure of the Deed of Trust Lien." In the judgment, the trial court specifically held the statute of limitations did not bar enforcement of the note or the deed of trust lien. The Ihdes subsequently filed this appeal.

**Analysis**

I. Scheduling Order

In their first issue, the Ihdes contend the trial court erred in considering appellees' motion for summary judgment because it was not filed timely pursuant to the court's scheduling order. Although the Ihdes acknowledge that trial courts have broad discretion to manage their dockets, they contend they were prejudiced by the untimely motion because it "disturbed the parties' expectations."

The trial court has a duty to schedule its cases in such a manner as to expeditiously dispose of them and, absent a showing of clear abuse of discretion, we will not interfere with the court's management of its docket. *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982). The trial court also has the inherent right to change or modify any interlocutory order until the judgment on the merits of the case becomes final. *Bachman Ctr. Corp. v. Sale*, 359 S.W.2d 290, 292 (Tex. App.—Dallas 1962, writ ref'd n.r.e.). By setting appellees' motion for summary judgment for submission, the trial court implicitly modified its scheduling order. *In re Estate of Henry*, 250 S.W.3d. 518, 527 (Tex. App.—Dallas 2008, no pet.); *Trevino v. Trevino*, 64 S.W.3d 166, 170 (Tex. App.—San Antonio 2001, no pet.).

Appellees' motion for summary judgment was set to be heard at the parties' pretrial conference. The purpose of a pretrial conference is to "assist in the disposition of the case without undue expense or burden to the parties." TEX. R. CIV. P. 166. Among the things that may be considered at a pretrial conference is the

identification of legal matters that may be disposed of by the court. *Id.*; *see also, JP Morgan Chase Bank, N.A. v. Orca Assets G.P., L.L.C.*, 546 S.W.3d 648, 653 (Tex. 2018). The consideration of a late filed motion for summary judgment may be proper to prevent an unnecessary trial. *See Trevino*, 64 S.W.3d at 170. Although the Ihdes assert the court's consideration of the motion "disturbed their expectations," they do not claim that they did not receive adequate notice and an opportunity to respond. *See id*. Because the Ihdes have not shown they were prejudiced by the late-filed motion for summary judgment, we conclude the trial court did not abuse its discretion in hearing the motion at the pretrial conference. *See id*. We overrule the Ihdes' first issue.

II. Summary Judgment Evidence

In their second issue, the Ihdes contend the trial court erred in granting summary judgment based on improper evidence. The Ihdes assert that Forster's statement that the March 4 notice was sent "with the intent of rescinding the notices of acceleration of the subject loan" is conclusory because it amounts to a legal conclusion that the notice was effective.[1] Even assuming we could characterize

---

[1] Although the Ihdes raised other objections to the summary evidence in the trial court, they concede on appeal that these objections were not preserved because they were untimely and they did not obtain a ruling on the objections from the trial court. *See* TEX. R. APP. P. 33.1; *Fortitude Energy, LLC v. Sooner Pipe LLC*, 564 S.W.3d 167, 178 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (mere granting of summary judgment motion not implicit ruling on objections). An assertion that testimony is conclusory need not be preserved, however, and may be raised for the first time on appeal. *See Windrum v. Kareh*, 581 S.W.3d 761, 768 (Tex. 2019).

Forster's testimony as stating a legal conclusion in the manner suggested by the Ihdes, we conclude any error in admission of the testimony was harmless.

To successfully challenge the alleged erroneous admission of evidence in a summary judgment proceeding, the complaining party must show the judgment turned on the particular evidence being challenged and the error in admitting it probably resulted in the rendition of an improper judgment. *Owens v. Comerica Bank*, 229 S.W.3d 544, 548 (Tex. App.—Dallas 2007, no pet.). The admission of allegedly incompetent evidence does not require reversal when there is competent evidence to support the judgment rendered. *Roberts v. Clark*, 188 S.W.3d 204, 208 (Tex. App.—Tyler 2002, pet. denied). The dispositive issue in this case is whether the March 4 notice of rescission was legally effective to restore the maturity date of the note and reset the limitations period. As discussed below, the documents admitted into evidence show the March 4 notice met the statutory requirements for an effective rescission. Because the documentary evidence is sufficient to support the summary judgment in favor of appellees, Forster's testimony regarding the subjective intent behind the March 4 notice was, at worst, irrelevant. *See Balboa Ins. Co. v. K&D and Assocs.*, 589 S.W.2d 752, 756 (Tex. App.—Dallas 1979, writ ref'd n.r.e.) (testimony of subjective intent irrelevant where intent can be determined from unambiguous writing).

The Ihdes similarly argue that two other affidavits submitted by appellees were conclusory because they rely on the acceleration of the note being effectively

–8–

rescinded. Again, because the documentary evidence supports the conclusion that acceleration was properly rescinded, the Ihdes' argument is without merit. We resolve the Ihdes' second issue against them.

III. Rescission of Acceleration

In their third issue, the Ihdes contend the trial court erred in concluding the statute of limitations did not bar appellees' enforcement of the note and deed of trust lien. The Ihdes assert the March 4, 2010 notice of rescission was ineffective to waive the acceleration of the maturity date of their note because it was unsigned. Based on this assertion, the Ihdes contend appellees' claim for foreclosure accrued on June 4, 2009 when the loan was first accelerated. Taking into account the various tolling periods created by their bankruptcies and the prior litigation, the Ihdes assert the lien became void on March 21, 2014 and the enforceability of the note became time-barred on March 21, 2016.

We review a trial court's decision to grant a motion for summary judgment de novo. *Helix Energy Solutions Grp., Inc. v. Gold*, 522 S.W.3d 427, 431 (Tex. 2017). "We review the evidence presented in the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not." *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). To prevail on a traditional motion for summary judgment, the movant has the burden to demonstrate

that no genuine issue of material fact exists and judgment should be rendered as a matter of law. TEX. R. CIV. P. 166a(c).

Under section 16.035 of the Texas Civil Practice and Remedies Code, a suit for foreclosure of a real property lien must be brought within four years after the cause of action accrues. TEX. CIV. PRAC. & REM. CODE ANN. § 16.035. A suit to enforce a note must be brought within six years. TEX. BUS. & COM. CODE ANN. § 3.118. A cause of action to foreclose on a real property lien accrues when the loan is accelerated. *Khan v. GBAK Props., Inc.*, 371 S.W.3d 347, 353 (Tex. App.—Houston [1st Dist.] 2012, no pet.); *see also GMAC v. Uresti*, 553 S.W.2d 660, 663 (Tex. App.—Tyler 1977, writ ref'd n.r.e.) ("acceleration" is the change of maturity of a note from future to present). Once a debt has been accelerated, the note holder may unilaterally waive or abandon the acceleration so long as the borrower neither objects to the abandonment nor detrimentally relied on the acceleration. *Florey v. U.S. Bank Nat'l Assoc.*, No. 05-20-00306-CV, 2021 WL 2525457, at * 4 (Tex. App.—Dallas June 21, 2021, pet. filed). When acceleration is abandoned, the contract is restored to its original condition, including restoring the loan's original maturity date and the statute of limitations is reset. *Id*. Abandonment can occur either expressly through a clear repudiation of the right of acceleration, or impliedly through conduct inconsistent with a claim to the right. *Id*. A clear repudiation of acceleration can be done through a notice of rescission.

Notices of rescission are governed by section 16.038 of the civil practice and remedies code. TEX. CIV. PRAC. & REM. CODE ANN. § 16.038. Under section 16.038, a rescission or waiver of acceleration is effective if made by written notice by the lienholder, the servicer of the debt, or an attorney representing the lienholder and the notice is served by first class or certified mail addressed to the debtor at the debtor's last known address. *Id*. "The affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id*.

The March 4 notice of rescission meets the requirements of section 16.038. The Ihdes contend, however, the March 4 notice was not a clear repudiation of the acceleration because the notice was not signed. Nothing in section 16.038 requires that a notice of rescission properly served on a debtor be signed. *Id*. But the Ihdes argue the language of the notice suggests appellees did not intend to be bound by the rescission unless it was signed. We do not read the notice as containing a signature requirement.

As authority for their argument that a signature was required, the Ihdes rely on *Pennington v. HSBC Bank USA, N.A.*, 493 Fed. Appx. 548 (5th Cir. 2012). In *Pennington*, the court addressed a loan modification agreement that stated the agreement would not take effect until certain preconditions had been satisfied. *Id*. at 555. One of the preconditions was that the loan would not be modified unless the lender accepted the agreement by signing it and returning a copy to the borrower.

*Id*. The court concluded that, "[c]onsidering the explicit signature requirements," there was no agreement without the bank's signature.

Unlike the agreement in *Pennington*, nothing in the March 4 notice suggests its effectiveness was dependent upon the notice being signed. The Ihdes point to the notice's use of the terms "undersigned" and "execute" in reference to the bank's appointment of an agent. But the mere use of these terms, without more, does not amount to an "explicit signature requirement" such as the one at issue in *Pennington*. Accordingly, the unsigned notice was legally sufficient to rescind the acceleration. *See Krayem v. USRP (PAC), L.P.*, 194 S.W.3d 91, 94 (Tex. App.—Dallas 2006, pet. denied) (absent contract provision or legal authority requiring signature on notice, unsigned letter legally sufficient).

The Ihdes argue that the absence of a signature creates at least a fact issue as to whether appellees intended to be bound by the notice. We disagree. Appellees' rescission of the acceleration was a unilateral act. There was no purpose in sending the March 4 notice other than to rescind the acceleration. If the bank did not intend to abandon its acceleration of the note, it simply would not have sent the notice.

The cases cited by the Ihdes to support their contention that abandonment of acceleration is generally a question of fact all address the issue of whether a lender has waived acceleration of a debt by implication. *See e.g. Pitts v. Bank of New York Mellon Trust Co.*, 583 S.W.3d 258, 262-63 (Tex. App.—Dallas 2018, no pet.). The analysis of whether there has been an implied waiver is inapplicable where the lender

has explicitly rescinded acceleration by written notice complying with section 16.038.  We overrule the Ihdes third issue.

Because of our resolution of the first three issues, it is unnecessary for us to address the Ihdes' remaining issue.  We affirm the trial court's judgment.


/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

200576F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

GLENN M. IHDE AND C. ALICE
IHDE, Appellants

No. 05-20-00576-CV          V.

NATIONSTAR MORTGAGE LLC
D/B/A MR. COOPER, AND THE
BANK OF NEW YORK MELLON
F/K/A THE BANK OF NEW YORK
AS TRUSTEE FOR FIRST
HORIZON ALTERNATIVE
MORTGAGE SECURITIES TRUST
2006-FA1, Appellees

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-04748-
2017.
Opinion delivered by Justice
Reichek. Justices Osborne and
Pedersen, III participating.

In accordance with this Court's opinion of this date, the judgment of the trial
court is **AFFIRMED**.

It is **ORDERED** that appellees NATIONSTAR MORTGAGE LLC D/B/A
MR. COOPER, AND THE BANK OF NEW YORK MELLON F/K/A THE
BANK OF NEW YORK AS TRUSTEE FOR FIRST HORIZON ALTERNATIVE
MORTGAGE SECURITIES TRUST 2006-FA1 recover their costs of this appeal
from appellants GLENN M. IHDE AND C. ALICE IHDE.

Judgment entered November 3, 2021