**R. F. EVANS, Appellant,**

v.

**C. R. SHIPP et ux., Appellees.**

No. 7148.

Court of Civil Appeals of Texas.

Texarkana.

Aug. 4, 1959.

Brown & Brown, Texarkana, for appellant.

Atchley, Russell & Hutchinson, Texarkana, for appellees.

CHADICK, Chief Justice.

Appellant has filed an earnest and able motion for rehearing which must be overruled, but in response thereto the original opinion in this case dated July 7, 1959, is withdrawn and the following substituted therefor in an effort to express with more clarity the holding of the court.

This is a suit to collect a real estate agent's commission. The judgment of the trial court is affirmed.

Appellant, R. F. Evans, the plaintiff below, seeks reversal upon five points of error. The cumulative effect of his points is to present as error the action of the trial judge in directing a verdict for appellees, C. R. Shipp and wife, Zula B. Shipp, defendants below, when there was evidence raising the fact issues of waiver and estoppel.

The written agency contract involved in this suit was treated as being ambiguous by the parties and the trial court but no question is presented respecting the introduction of parol evidence to explain its terms. The case is briefed by the parties on the theory that the agency was for 45 days unless waiver or estoppel had the effect of extending its duration. It is the position of appellant, R. F. Evans, that the contract was extended by waiver on the part of appellees, C. R. Shipp and wife, Zula B. Shipp, and that Mr. Shipp's verbal statements and Mr. Evans' acts in reliance thereon were such under the law of either waiver or estoppel as to nullify a defense that the contract had expired at the time of the sale giving rise to the controversy.

Since this is an instructed verdict judgment, in reviewing the propriety of the trial judge's action, all conflicts in the evidence are disregarded and the evidence considered in the aspect most favorable to R. F. Evans, the party against whom the verdict was directed. Harvey v. Elder, Tex.Civ.App., 191 S.W.2d 686, wr. ref.; McVeigh v. International Travelers Assur. Co., Tex.Civ. App., 101 S.W.2d 644, writ of error dismissed.

The evidence relied upon to raise a fact issue under appellant's theory is that of Mr. Evans when being interrogated by his own counsel, as follows:

"Q. Did you ever take the Rhodens out there and show them this property at any time after August? In September, October, November, December, or January, did you ever talk to him about the sale of this property? A. Yes.

"Q. Did you ever call Mr. Shipp after any of these trips? A. Yes.

"Q. What did you tell Mr. Shipp? A. I told Mr. Shipp I was out there with them and they were going to buy the place. Mr. Shipp said, 'I am not going to sell for Eighty-five Thousand ($85,000.00) Dollars,' and I said, 'You can possibly get One Hundred Thousand ($100,000.00) Dollars.' They wanted it.

"Q. Did you tell him what they said? A. Yes, I did tell him they were going to buy that place; that they had found exactly what they wanted.

"Q. What would Mr. Shipp say when you would tell him that? A. 'Just keep working on with them.'

"Q. Can you place any particular date that you told him that? A. I can't place the exact dates because I can't remember them, but I can say I called him two or three or more times.

"Q. Was that before or after the 45 days had expired? A. That was after the 45 days expired. I don't know when the 45 days expired. He never did tell me.

"Q. He had your copy of the contract? A. Yes, and I didn't know.

"Q. You just kept working? A. Yes, the first time I knew it was when I got that contract through the mail."

■ All parties concede that using the most favorable construction, the duration of the agency contract ceased September 15, 1956. The evidence reproduced shows a report by the agent and an instruction from the principal in September to "just keep working on with them," but if this or any similar report and instruction was before September 15th, it is not shown by direct testimony nor by any reasonable inference from all of the evidence. This court, in considering the favorable evidence, is not warranted in supplying omissions or drawing unfounded inferences; it is limited to the record made by the parties and the evidence and reasonable inferences which may be drawn therefrom as it appears in the record.

■ The time of the instruction by Mr. Shipp to Mr. Evans, if it raises a fact issue of waiver or of estoppel, controls disposition of this case because the law is well settled that words or conduct creating either issue must occur before the expiration of the agency contract. That is to say, words or conduct provable by parol extending the time of performance of a condition of a contract subject to Sec. 28, Article 6573a, Real Estate Dealers Act, must occur while the contract is executory and not after its expiration.

The estoppel rule is stated in Sec. 224 of Restatement of the Law of Contracts:

"The performance of a condition qualifying a promise in a contract within the statute may be excused by an oral agreement or permission of the promisor that the condition need not be performed, *if the agreement or permission is given while performance of the condition is possible,* and in reliance on the agreement or permission, while it is unrevoked, the promisee materially changes his position." (Emphasis added.)

This rule was expressly approved in Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 164 S.W.2d 488.

In Watson v. Rochmill, 137 Tex. 565, 155 S.W.2d 783, 785, 137 A.L.R. 1032, it is said:

"This court held in the case of Mitchell v. Simms, Tex.Com.App., 63 S.W.2d 371, that the acceptance of the late payments of rentals estopped the lessors to plead the lapsation of the lease. It will be noted, however, that in that case the Court was dealing with an estoppel that occurred *during the primary term of the lease.*" (Emphasis added.)

■ Parenthetically, it is to be noted that there are no decided cases upon this point with reference to Sec. 28, Article 6573a, but it has been authoritatively held that cases construing the statute of frauds, Article 3995, Vernon's Ann.Civ.St., are applicable in construing the similar language of the Real Estate Act, see Hancock v. Sosbee, Tex.Civ.App., 183 S.W.2d 284, wr. ref.; Volkmann v. Wortham, Tex.Civ.App., 189 S.W.2d 776, wr. dis.; Lyon v. Harmon, Tex.Civ.App., 212 S.W.2d 491, n. w. h.; and

statute of fraud cases are cited and relied upon as being decisive in this appeal.

■ With equal logic what has been said of estoppel may be applied to waiver. "A waiver is the intentional relinquishment of a known right or such conduct as warrants an inference of the relinquishment of such right." Missouri, K. & T. Ry. Co. v. Hendricks, 49 Tex.Civ.App. 314, 108 S.W. 745, 749, wr. ref. Thus by definition of waiver, any thought of its application to an executed contract is precluded. Waiver being the relinquishment of a known right, it can have no application to a contract of agency that has expired by its own terms, as no right exists to be relinquished.

Appellant in his motion for rehearing argues with skill and persuasiveness as follows:

"* * * it is appellant's position that, under his contract, he was in duty bound, during the time specified in the contract to 'keep working on them,' and any such request from the appellees would have no effect during said period, of waiver or estoppel, for it was 'denominated in the contract' that appellant was to do so. So there could be no waiver or estoppel during the 45 days by any act or deed on the part of appellees.

"If the Court is correct in its interpretation of appellant's testimony, copied in the Court's opinion, then the waiver or estoppel occurred after the 45 days limit had expired, and at the only time when such acts and conduct on the part of appellees could be effective, or construed as either a waiver or an estoppel.

"As we understand the law, there must be something to waive, at the time of the acts which are claimed to be a waiver. For instance, a person cannot waive the issuance, service and return of a citation on him, at a time when no suit is filed, for there is no basis for the waiver. Neither could that person be estopped from saying there was no waiver, because, at the time of executing the waiver, if before the suit was filed, there would not be anything upon which an estoppel could operate.

"In other words, it is appellant's contention that at the time of the waiver, there must be something for the waiver to act upon, and so long as the 45 days had not expired, there was nothing to waive. So, also, with estoppel, so long as the 45 days had not expired, the appellees could not be estopped by their acts and conduct, from saying there was a noncompliance with the 45 day limit. There must be something upon which the waiver or estoppel can act, at the time of such waiver or estoppel."

This argument cannot be followed because to do so would be repugnant to the express provision of law embodied in Sec. 28, Art. 6573a.

■■ Equity does not intervene to relieve against the breach of a parol contract subject to the statutes of fraud. See Hooks v. Bridgewater, 111 Tex. 122, 229 S.W. 1114, 15 A.L.R. 216; Robertson v. Melton, Tex.Com.App., 131 Tex. 325, 115 S.W.2d 624, 118 A.L.R. 1505. Unless the words or conduct giving rise to waiver or estoppel occurs while the contract is in its executory state, the application of either the doctrine of waiver or estoppel would be to permit enforcement of an agreement resting partly in parol and partly in writing despite the ban of Sec. 28, Art. 6573a; and if permitted, the parties after expiration of the written contract by their language and action would make a new contract which the statute requires to be in writing if it is to be enforced.

■ No evidence being found that before September 15, 1956, Mr. Shipp's words or conduct raised a fact issue of waiver or estoppel, the trial judge was not in error in instructing a verdict. See Harvey v. Elder, supra; 1 Tex. Law of Evidence, McCormick & Ray page 8, Sec. 4. Finding no error requiring a reversal, appellant's points and

motion for rehearing are respectfully overruled, and the judgment of the trial court is affirmed.

DAVIS, J., not participating.